```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

```
GREGORY PAPADOPOULOS,           )
        Plaintiff,              )
                                )  Civ. Action No. 19-11331-PBS
        v.                      )
                                )
US GOVERNMENT, et al.,          )
        Defendants.             )
```

## MEMORANDUM AND ORDER

July 18, 2019

SARIS, C.D.J.

For the reasons stated below, the Court grants plaintiff's motion to proceed in forma pauperis, denies plaintiff's motion seeking preliminary injunctive relief and dismisses this action.

## BACKGROUND

Plaintiff Gregory Papadopoulos, a resident of New York, filed his self-prepared complaint naming as defendants the United States Government, the Federal Bureau of Investigation ("FBI") and Alfonso "Alfy" Fanjul (alleged "boss of Fanjul Organized Crime Family"). See Docket No. 1, Complaint ("Compl."). Plaintiff alleges "corrupt cooperation and conspiracy" between the FBI and Fanjul and seeks monetary, declaratory and injunctive relief. Id. at p. 1.

Plaintiff's complaint consists primarily of a recounting of events spanning more than twenty-five years as well as a list of plaintiff's subsequent efforts for legal redress. Plaintiff

arrived in the United States from Greece in 1964 to attend Columbia University and subsequently married and became a successful trader and broker on Wall Street. Compl. p. 2. Plaintiff states that beginning in "1995[, the] defendants imitating the FBI-Whitey Bulger conspiracy in Boston set out to destroy our lives." Id. at p. 2. With the complaint, plaintiff attaches the following three exhibits: (1) a description of Fanjul Organized Crime Family; (2) a list of judicial assignments of 80 federal and states cases submitted as proof of an "FBI-Gangster conspiracy," and (3) an email from plaintiff's sister which plaintiff alleges is a settlement offer from the FBI. Id.

With his complaint, Papadopoulos filed a self-prepared motion to proceed in forma pauperis as well as an affidavit in support of his request for a preliminary injunction. See Docket Nos. 2, 3.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

A party filing a civil action must either pay the filing fee or file an application to proceed in forma pauperis. See 28 U.S.C. § 1914(a); 28 U.S.C. § 1915 (proceedings in forma pauperis). Upon review of Papadoupoulos' motion, the Court concludes that he has shown that he is without assets to pay the filing fee. Accordingly, his motion is allowed.

**SCREENING OF THE COMPLAINT**

Because the plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff.[1]

A pro se plaintiff such as Papadopoulos is entitled to a liberal reading of his allegations, even when such allegations

---

[1] The Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

are inartfully pled.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## DISCUSSION

Even construed liberally, Papadopoulos' complaint fails to state a claim upon which relief may be granted.  He fails to state the legal basis for his claim and it is impossible to discern from the complaint precisely who Papadopoulos alleges is liable for which alleged misconduct.

Additionally, it appears that this is one of many attempts by plaintiff to seek monetary and injunctive relief concerning an alleged conspiracy by the defendants.  As such, plaintiff's claims are barred by res judicata.  A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff previously brought suit against the defendants in complaints filed in the United States District Court for the Southern District of New York and his claims against the defendants were dismissed pursuant to 28 U.S.C. 1915(e).  See Papadopoulos v. Federal Bureau of Invesigation, et al., No. 10-4574 (S.D.N.Y. Jun. 11, 2010), aff'd, No. 10-3217 (2d Cir. Dec. 30, 2010); Papadopoulos v. Alfonso Fanjul, et al., No. 10-4579-LAP (S.D.N.Y. Jun 11, 2010), aff'd, No. 10-3210 (2d Cir. Dec. 30, 2010).  In 2011, plaintiff was barred from filing any new in forma pauperis action in the Southern District of New

4

York without first seeking permission from the Court. Papadopoulos v. Alfonso Fanjul, et al., No. 10-4882-LAP (S.D.N.Y. Feb. 8, 2011).

The doctrine of res judicata bars a suit on a cause of action which has been judicially determined on the merits in a prior suit involving the same parties or persons in privity with them. "'Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action.'" Mather v. GSI Lumonics, Inc., 443 F.3d 123, 126 (1st Cir. 2005)(quotation omitted). It applies if three factors are present: "(1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties ... in the two suits." Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

Here, a federal court in New York has already dismissed suits based on the same allegations against the same defendants.[2] Accordingly, the instant complaint is subject to dismissal for failure to state a claim upon which relief may be granted and under the principal of res judicata.

---

[2] A dismissal for failure to state a claim constitutes a final judgment on the merits for res judicata purposes. See Koolen v. Mortg. Elec. Registration Sys., Inc., 953 F. Supp. 2d 348, 352 (D.R.I. 2013) (citing Andrews-Clarke v. Lucent Tech., Inc., 157 F.Supp.2d 93, 99 (D. Mass. 2001)).

5

Although the court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36–37.

**ORDER**

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's motion (Docket No. 2) for leave to proceed in forma pauperis is ALLOWED.

2. Plaintiff's motion (Docket No. 3) and affidavit in support of OSC requesting preliminary injunction is DENIED.

3. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk is directed to enter an Order of Dismissal.

SO ORDERED.

          /s/ Patti B. Saris
          PATTI B. SARIS
          CHIEF UNITED STATES DISTRICT JUDGE